O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-7258 AHM (AJWx) | Date | December 11, 2009 |
|---|---|---|---|
| Title | TERESITA A. BARTOLOME v. HOMEFIELD FINANCIAL INC., *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:       Attorneys **NOT** Present for Defendants:

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

        In this action originally filed in Los Angeles County Superior Court and subsequently removed to this Court, Plaintiff Teresita A. Bartolome has alleged twenty causes of action against Defendants Homefield Financial Inc., Ticor Title Company, Quality Loan Services Corp., Aurora Loan Services, Countrywide Bank, Homecomings Financial, and Mortgage Electronic Registrations Systems, Inc. arising out of a mortgage transaction that was closed on December 27, 2005. Complaint ¶ 3. Plaintiff's Complaint alleges four causes of action under federal law—violations of the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639 *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* The remaining claims are brought under state law. Defendant Aurora Loan Services LLC ("Aurora") has moved to dismiss all claims pursuant to Rule 12(b)(6) and has also moved to strike punitive damages from the Complaint.

        Plaintiff has failed to oppose the motion to dismiss. "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7–12. In addition, the motion appears meritorious on its face, at least as to the federal claims. Accordingly, for the following reasons, the Court GRANTS Defendant's motion to dismiss[1] as to the federal claims and *sua sponte* REMANDS the case to the Superior Court for the County of Los Angeles.

_____

[1]Docket No. 7.

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7258 AHM (AJWx) | Date | December 11, 2009 |
|----------|------------------------|------|-------------------|
| Title | TERESITA A. BARTOLOME v. HOMEFIELD FINANCIAL INC., *et al.* | | |

The motion to dismiss the state claims and the motion to strike punitive damages[2] should be re-noticed before the state court.

### A.    Plaintiff's Claims Under TILA, RESPA, and HOEPA are Time-Barred

The mortgage transaction at issue closed on December 27, 2005.  Complaint ¶ 3.  Plaintiff did not file her Complaint until July 8, 2009—more than three and a half years after the transaction in question.  The statute of limitations for damages under TILA is one year.  15 U.S.C. § 1640(e).  The statute of limitations for rescission under TILA is three years.  HOEPA, which is a part of TILA, shares its one-year statute of limitations.  15 U.S.C. § 1640(e).  RESPA has a one-year statute of limitations for violations of 12 U.S.C. §§ 2607 & 2608 and a three-year statute of limitations for violations of 12 U.S.C. § 2605.  12 U.S.C. § 2614.  Plaintiff has alleged no facts that would justify equitably tolling the statutes of limitations.  Thus, Plaintiff's claims under HOEPA (claim four), RESPA (claim five), and TILA (claim six) are time-barred and are dismissed with prejudice.

### B.    Plaintiff's Allegations in Her Claim Under FCRA Are Wholly Conclusory and Therefore Fail to State a Claim

Plaintiff alleges no specific facts to support her claim under FCRA, merely the wholly conclusory and clearly boilerplate statement that unidentified defendants "wrongfully, improperly, and illegally reported negative information as to the Plaintiff to one or more Credit Reporting Agencies, resulting in Plaintiff having negative information on their [sic] credit reports and the lowering of their [sic] FICO scores."  Complaint ¶ 106.  This conclusory and boilerplate allegation fails to state a claim under FCRA, and so Plaintiff's seventh cause of action is dismissed.

### C.    The Home Owners' Loan Act Does Not Completely Preempt the State Law Claims

Aurora argues that some of Plaintiff's claims are preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461 *et seq.*, because Aurora is a wholly-owned

---

[2]Docket No. 8.

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7258 AHM (AJWx) | Date | December 11, 2009 |
|---|---|---|---|
| Title | TERESITA A. BARTOLOME v. HOMEFIELD FINANCIAL INC., *et al.* | | |

subsidiary of a national savings association.  Motion at 2-9.  Because HOLA does not completely preempt the state law claims, this is an insufficient basis for this court to retain subject matter jurisdiction over the suit.

It is important to distinguish complete preemption from "ordinary" preemption. Ordinary preemption is merely a federal law defense to a state-law claim, and "is insufficient to confer federal jurisdiction if the complaint on its face does not present a federal question."  *Moore-Thomas*, 553 F.3d at 1244 (citing *Valles v. Ivy Hill Corp*., 410 F.3d 1071, 1075 (9th Cir. 2005)).  But when there is complete preemption, a defendant may remove a state-law claim.  This is so because "[w]hen [a] federal statute completely pre-empts [a] state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court."  *Beneficial Nat'l Bank*, 539 U.S. at 8.

Complete preemption is a rarity, and the Supreme Court has identified only three federal statutes that completely preempt state law: the Labor Management Relations Act, the Employee Retirement Income Security Act, and the usury provisions of the National Bank Act.  These statutes stand alone because they "provide[] the *exclusive cause of action* for the claim asserted and also set forth procedures and remedies governing that cause of action."  *Beneficial Nat'l Bank*, 539 U.S. at 8 (emphasis added).  Whether or not a statute provides the exclusive cause of action for certain claims is thus "the dispositive question."  *Id.* at 9.  *See also Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007) (holding that the Carmack Amendment completely preempts state law claims).

Neither the Supreme Court nor the Ninth Circuit has addressed whether federal law completely preempts state law claims related to the non-disclosure of mortgage terms. Aurora relies on *Silvas v. E*Trade Mortgage Corp.*, in which the Ninth Circuit held that the Home Owners' Loan Act ("HOLA") preempted claims brought under California's Unfair Competition Law.  514 F.3d 1001 (9th Cir. 2008).  The plaintiff in *Silvas* claimed that the defendant violated the Unfair Competition Law by failing to provide a refund of a deposit as required by TILA.  Although the Ninth Circuit held that these claims were preempted because they "provide state remedies for violations of federal law in a field preempted entirely by federal law," *Silvas* never reached the question of complete

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7258 AHM (AJWx) | Date | December 11, 2009 |
|---|---|---|---|
| Title | TERESITA A. BARTOLOME v. HOMEFIELD FINANCIAL INC., *et al.* | | |

preemption, and did not characterize HOLA as completely preempting state law claims.

A close look at HOLA and its implementing regulations suggests that HOLA does not completely preempt Plaintiff's state law claims.

HOLA's preemptive effect is based on a regulation promulgated by the Office of Thrift Supervision ("OTS"), 12 C.F.R. § 560.2.  Section 560.2(a) provides that,

> OTS hereby occupies the entire field of lending regulation for federal savings associations.  OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation.  Accordingly, federal savings associations may extend credit as authorized under federal law . . . without regard to state laws purporting to regulate or otherwise affect their credit activities, *except to the extent provided in paragraph (c) of this section or § 560.110 of this part.*

12 C.F.R. § 560.2(a) (emphasis added).

The "dispositive question" for complete preemption is not simply whether HOLA preempts state law by occupying a field of regulation.  The issue is whether HOLA provides "the exclusive cause of action" for the claims asserted by Plaintiff.  Section 560.2 makes clear in subsection (c) that it does *not* preempt certain enumerated state law claims related to lending "to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section."  12 C.F.R. § 560.2(c).  These include claims brought under contract and commercial law, real property law, homestead laws, tort law, criminal law, and "[a]ny other law that OTS, upon review, finds . . . [f]urthers a vital state interest; and [e]ither has only an incidental effect on lending operations or is not otherwise contrary to the purposes expressed in paragraph (a) of this section."  *Id.*[3]  *See Bolden v.*

---

[3] In addition, 12 C.F.R. § 560.110 provides that state law governs the permissible interest rates charged by federal savings associations.  Notwithstanding these explicit limits on the scope of § 560.2, in *Silvas* the Ninth Circuit described HOLA and its regulations as "a radical and comprehensive response to the inadequacies of the existing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7258 AHM (AJWx) | | Date | December 11, 2009 |
|---|---|---|---|---|
| Title | TERESITA A. BARTOLOME v. HOMEFIELD FINANCIAL INC., *et al.* | | | |

*KB Home*, 618 F. Supp. 2d 1196, 1204-05 (C.D. Cal. 2008) (Pregerson, J.) (holding that OTS regulations did not completely preempt an unfair competition claim in part because 12 C.F.R. § 560.2(c) "specifically exempts particular state laws from the regulation's preemptive scope.").

Section 560.2(b) lists specific types of state laws that are preempted, including those related to "[d]isclosure and advertising." To be sure, the Ninth Circuit found that the state law claims enumerated in section 560.2(b), such as those related to disclosure, are preempted. *Silvas*, 514 F.3d at 1005 (citing OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)). But because the OTS regulation itself explicitly does not preempt other state law claims, HOLA does not have the "unusually 'powerful' preemptive force" that goes beyond merely preempting state law claims to also provide a basis for removal jurisdiction. *See Beneficial Nat'l Bank*, 539 U.S. at 6 (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 23-24 (1983)). This conclusion is reinforced by the fact that the supposed basis for removal is found in a regulation, not a statute. Although federal regulations could have the same preemptive effect as federal statutes, *see Fidelity Federal. Savings & Loan Ass'n v. de la Cuesta*, 458 U.S. 139, 153-54 (1982), the extraordinary consequences of complete preemption counsel against finding the requisite Congressional intent when the regulation reflects only the views of an executive branch agency acting without Congressional guidance.

This analysis of HOLA and its regulations is supported by two additional considerations. First, and most importantly, if there is any federal cause of action under which Plaintiff could bring her disclosure-based claims, it is provided by TILA. But TILA itself does not provide an exclusive cause of action; it has a "savings clause" stating that it preempts state law only if the state law is inconsistent with TILA. 15 U.S.C. § 1610(b). *See In re Nos Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1058 (9th Cir. 2007) ("A savings clause [in this case, a very broad one] is fundamentally incompatible with complete field preemption . . . ."); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345 (9th Cir. 1996) (holding that Title VII does not completely preempt state law,

state system," and "so pervasive as to leave no room for state regulatory control." *Silvas*, 514 F.3d at 1004 (quoting *Conference of Fed. Sav. & Loan Ass'ns v. Stein*, 604 F.2d 1256, 1257, 1260 (9th Cir. 1979)). This was mere dicta.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7258 AHM (AJWx) | Date | December 11, 2009 |
|---|---|---|---|
| Title | TERESITA A. BARTOLOME v. HOMEFIELD FINANCIAL INC., *et al.* | | |

but "[r]ather Title VII only preempts state law inconsistent with it.").[4]

Second, it is notable that the Ninth Circuit dismissed the plaintiff's unfair competition claims in *Silvas*, rather than directing the district court to recharacterize them as federal claims. The latter course would have been the logical result if HOLA completely preempted state law claims.

For these reasons, the Court finds that neither HOLA nor TILA completely preempt Plaintiff's state law claims and so the Court does not retain subject matter jurisdiction over those claims.

### D.   None of Plaintiff's Remaining Allegations States a Claim Under Federal Law

All of the remaining claims are pendent state law claims. The original basis for subject matter jurisdiction has been destroyed. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the remaining state law claims and *sua sponte* dismisses the remaining claims and remands them to Los Angeles County Superior Court.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |

**JS-6**

---

[4] The Ninth Circuit held in *Silvas* that TILA's savings clause does not "trump . . . the preemptive effect of HOLA." *Silvas*, 514 F.3d at 1007. But this conclusion speaks only to whether HOLA preemption is a *defense* to certain state law claims. It does not bear on the separate analysis that a court must undertake to determine whether HOLA completely preempts state law claims. As the Supreme Court made clear in *Beneficial National Bank*, that analysis depends on whether the relevant federal statute provides the exclusive cause of action.